| iFITZSIMMONS, Judge,
concurring.
I agree with the majority that La.R.S. 40:983 was the appropriate statute to use. The trial court’s use of La.C.Cr.P. art. 893 was error. However, L.B. did not assert La.R.S. 40:983, or any other expungement statute, at the time of sentencing. La.R.S. 40:983A requires the court to defer sentencing after the plea of guilty, and place defendant on reasonable probation. The same is true of La.C.Cr.P. arts. 893 and 894. Unfortunately, in this case, the court mentions expungement as an after thought; and after sentence had already been imposed by the trial court. At that point, the remedy of expungement was not available to L.B. to cure the error, the trial court needed to strike the imposition of sentence and accept the plea pursuant to La.R.S. 40:983. He did neither.
La.R.S. 44:9, reserved for acquittals and dismissals only, does not apply. See La.R.S. 44:9B(l)(a) & B(2). Thus, where sentencing was imposed, and not deferred, expungement is not available, regardless of whether the trial court had subject matter jurisdiction.
However, it is possible that, before sentencing, an agreement was reached between the district attorney, defendant’s counsel, and the trial court concerning the issue of expungement. If such an agreement could be proven, perhaps a remedy could be found. The errors by the trial court should not be allowed to defeat a defendant’s right to properly asserted expungement. I concur in the reversal for the additional reasons.